UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

# CV 12 - 3172

---

FOUR K GROUP, INC., on behalf of itself and all
others similarly situated,

                               Plaintiff,

     - against –

DAVID M. FRANKEL, commissioner of THE NEW
YORK CITY DEPARTMENT OF FINANCE,
CARTER H. STRICKLAND, commissioner of THE
NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION, ALBERT F.
MONCURE, JR., Secretary of the NEW YORK CITY
WATER BOARD, MATHEW M. WAMBUA,
Commissioner of the NEW YORK CITY
DEPARTMENT OF HOUSING PRESERVATION
AND DEVELOPMENT, BANK OF NEW YORK as
Collateral Agent and Custodian for various NYCTL
Trusts, and Jon Does 1-100, being persons and/or
entities complicit in the deprivation of Plaintiff's due
process rights including various NYCTL Trusts,
                               Defendants.

GERSHON, J.

POHORELSKY, M.J.

Civil Case No.

12-cv-

CLASS-ACTION COMPLAINT

**JURY TRIAL DEMANDED**

-------------------------------------------------------------------X

Plaintiff FOUR K GROUP, INC. ("FOUR K"), by its attorneys Korsinsky & Klein, LLP,

for their class-action complaint allege:

    1.    This is a class action for declaratory and injunctive relief brought against officials of

the New York City Department of Finance (the "Department of Finance"), against officials of

the New York City Department of Environmental Protection (the "DEP"), against officials of the

New York City Water Board, (the "Water Board"), against the New York City Department of

Housing Preservation and Development (the "HPD"), against Bank of New York, as Collateral

Agent for various NYCTL Trusts ("BNY"), and against Jon Does 1-100, being persons and/or

entities complicit in the deprivation of Plaintiff's due process rights, including various NYCTL Trusts.

2. This action arises from the lack of notice of the intention to sell tax liens on Plaintiff's property, and others similarly situated.

3. In addition, the notice that Plaintiff received was confusing in that the notice, published on **May 7, 2012**, advised it that the intended sale of the tax lien was scheduled for **August 3, 2011**. The notice was further confusing as it advised it that, in order to avoid the **August 3, 2011** sale, it should make arrangement for payment of the taxes by **May 17, 2012**.

4. Moreover, this action also arises out of settlements reached by such property owners, under false pretenses. Specifically, some property owners, believing there to be a valid sale of tax lien scheduled, were forced to reach settlement with the City of New York under the threat of having the purported tax lien sold. However, as set forth herein, such notice of tax lien sale was invalid.

5. Upon information and belief, Defendants have a custom and practice of failing to provide and/or ensure the provision of timely and adequate notice of tax lien sales.

6. This is done in order to deprive Plaintiff, and those similarly situated, of their constitutional property rights, by, *inter alia*, the illegal and unconstitutional taking of the property and/or procuring a settlement of the purported tax lien under false pretenses that the Plaintiff, and those similarly situated, would lose their property if they do not reach a settlement on the tax lien.

## I.   **PARTIES**

7.   Plaintiff FOUR K is a domestic business corporation with an address at 1236 49th Street, Brooklyn, New York, 11291, and owns the real property known as, and located at 422 Chelsea Road, Staten Island, New York, Block 1780 Lot 15 (the "Property").

8.   Defendant DAVID M. FRANKEL is the Commissioner of the Department of Finance, and, thus, has responsibility for the Department of Finance's compliance with applicable laws. This Complaint asserts claims against him solely in his capacity as the Commissioner of the Department of Finance.

9.   Defendant CARTER H. STRICKLAND is the Commissioner of the DEP, and, thus, has responsibility for the DEP's compliance with applicable laws. This Complaint asserts claims against him solely in his capacity as the Commissioner of the DEP.

10.   Defendant ALBERT F. MONCURE, JR. is the Secretary of the Water Board, and, thus, has responsibility for the Water Board's compliance with applicable laws. This Complaint asserts claims against him solely in his capacity as the Secretary of the Water Board.

11.   Defendant MATHEW M. WAMBUA is the Commissioner of the HPD, and, thus, has responsibility for the HPD's compliance with applicable laws.  This complaint asserts claims against him solely in his capacity as the Commissioner for the HPD.  (Defendants Department of Finance, DEP, the Water Board and HPD, to be referred to herein, collectively as the "New York City Defendants".)

12.   Defendant John Does include various NYCTL Trusts, which, upon information and belief, are Delaware Trusts, and, upon information and belief, are complicit with the New York City Defendants in depriving Plaintiff of its Constitutional Rights, and has acted as a State Actor, as set forth extensively herein.

3

13. Defendant BNY is a New York banking corporation. BNY is Collateral Agent and Custodian for various NYCTL Trusts, and, upon information and belief, is complicit with the New York City Defendants in depriving Plaintiff of its Constitutional Rights, and has acted as a State Actor, as set forth extensively herein.

## II.    JURISDICTION AND VENUE

14. Jurisdiction arises under 28 U.S.C. §§ 1331 and 1343(a)(3) because this case arises under the Constitution and laws of the United States without regard to the amount in controversy.

15. Plaintiff's action for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

16. Plaintiff's claims arise under 42 U.S.C. § 1983, which provides redress for the deprivation under color of law of rights, privileges, and immunities secured to all citizens by the United States Constitution and by acts of Congress.

17. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

18. Adequate notice of intention to sell tax liens is required by, *inter alia*, New York City Administrative Code Sections 11-319(b)(2)(i) and 11-320.

19. In addition, Plaintiff is entitled to due process and adequate notice of the tax lien sale on their properties pursuant to the Plaintiff's due process rights and right to equal protection under the law, as set forth in the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America.

20. The Plaintiff owns the Property.

21. There is a purported tax lien on the Property.

22.  For example, on **May 7, 2012,** the New York City Defendants advised Plaintiff, via publication in the New York Daily News, and upon information and belief, other newspapers and publications, that the intended sale of the tax lien was scheduled for **August 3, 2011**.  The notice was further confusing as it advised Plaintiff that, in order to avoid the **August 3, 2011** sale, Plaintiff should make arrangement for payment of the taxes by **May 17, 2012**.  A copy of the relevant part of the notice is annexed hereto as Exhibit A.

23.  Upon information and belief, Defendants have a custom and practice of failing to provide and/or ensure the provision of timely and adequate notice of tax lien sales in order to deprive Plaintiff of its Constitutional due process and property rights, and its rights under the applicable noticing statutes of the Laws of the City of New York.

24.  Upon information and belief, this inadequate, illegal and unconstitutional notice is done on behalf of and/or at the direction of Defendants NYCTL and BNY, in order for NYCTL to purchase the tax liens under special terms not available to any of the property owners, or any other citizen of the United States, in violation of the Equal Protection Clause of the Constitution of the United States of America.

25.  Based on the inadequate, illegal, invalid and unconstitutional notice, the property owners whose properties were subject to the purported tax liens were forced to reach a settlement with the City Defendants under the belief that the purported tax lien on the Property would be sold, thus, the property owners would lose their property rights.

## CLASS ALLEGATIONS

26. Plaintiff FOUR K brings this action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of itself and as representative of a class of:

> All New York City property owners for whom the Defendants have failed to give adequate notice of the sale of tax lien purportedly placed on their property.

27. In addition, Plaintiff FOUR K brings this action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, on behalf of itself and as representatives of an additional class of:

> All New York City property owners for whom the Defendants have failed to give adequate notice of the sale of tax lien purportedly placed on their property, and thus, will lose their property rights in violation of the laws of the City of New York, and the due process and property rights of the Constitution of the United State of America, and all property owners who were forced to reach a settlement with the City Defendants based on the belief that the there would be a tax lien sale of the purported tax lien on the property.

28. Upon information and belief, each class is so numerous that joinder of all class members in this action would be impracticable. Upon information and belief, there are hundreds of persons and/or entities in each class. Moreover, it would be impracticable for potential plaintiffs, who are, by definition, disabled and indigent individuals, to obtain legal services on an individual basis for their claims. Hence their rights under the law may well be meaningless without the certification of a class action seeking common redress.

6

29. Questions of law and fact common to each class predominate over any individual questions, including:

(i)    whether Defendants have a custom and practice of failing to provide adequate notice of intended sale of tax liens to property owners on whom tax liens are placed on their property;

(ii)   if so, whether Defendants' custom and practice of failing to provide adequate notice of intended sale of tax liens are placed on their property violates applicable federal state and city statutes and regulations, and the Constitutions of the United States and the State of New York;

(iii)  whether Defendants have a custom and practice of failing to provide adequate notice of intention to sell tax liens to property owners on whose property was placed tax liens;

(iv)   whether Defendants have a custom and practice of providing confusing notices of intention to sell tax liens to property owners on whose property was placed tax liens;

(v)    whether Defendants have a custom and practice of forcing settlements of the purported tax liens on property owners under false pretenses by having the property owners believe that there was valid notice of the intention to sell tax liens, and that there would be a valid sale of the tax lien, and, thus, the loss of the property owner's property rights.

30. Named Plaintiff FOUR K's claims are typical of the claims of each class in that it did not receive adequate notice of the intention to sell tax liens, and the notice they received was confusing, and, concerning some property owners, that the settlement reached on the purported tax lien was procured under false pretenses, as set forth above.

7

31. Named Plaintiff FOUR K will adequately represent the interests of each class. It is a member of each proposed class and there are no conflicts of interest between it and other members of each proposed class in that all proposed class members would benefit by obtaining adequate notice of intention to sell tax liens, the nullification of any sales of tax liens which were done pursuant to the inadequate and confusing notice, and the nullification of all settlements reach under false pretenses.

32. Plaintiff is represented by attorneys with broad experience with respect to tax lien claims and federal class actions.

33. A class action is the superior method for a fair and efficient adjudication of this matter in that Defendants have acted in a manner generally applicable to each class and a class action will avoid numerous separate actions by class members that would unduly burden the courts and create the possibility of inconsistent decisions, thereby making final injunctive and declaratory relief appropriate as to each class as a whole.

### III.    Basis for Injunctive Relief

34. Plaintiff and those similarly situated have a strong likelihood of success. Defendants' use of inadequate and confusing notices of the intention to sell tax liens, and the use of such inadequate and confusing notice to procure settlements under false pretenses, are without legal basis and are improper as detailed herein.

35. The issuance of a classwide preliminary injunction will enforce binding federal and state constitutional, statutory and regulatory notice and benefit requirements. U.S. Const. Amendments 4, 5, 8 and 14; N.Y. Const. Art. I §§ 6 and 11 and Art. XVII § 1; and New York City Administrative Code Sections 11-319(b)(2)(i) and 11-320. For example, the New York City regulations provide that property owners receive adequate and non-confusing notice of the

8

intention to sell tax liens. Not only is there a substantial likelihood that Plaintiff will prevail on the merits of this claim but it is virtually certain that it will.

36.  The harm caused to Plaintiff and those similarly situated by Defendants' policy and practices is great. As the owners of the properties, class members will be deprived of their constitutional property and due process rights, or have already been deprived of such rights by, *inter alia*, having been forced to settle the purported tax liens under false pretenses.

37.  Class members will be injured by the unconstitutional taking of their property. For example, some property owners' property would have been lost due to the tax lien sale, and the settlement they reached was procured under false pretenses that there would have been a valid tax sale.

38.  Because FOUR K and those similarly situated will face irreparable harm in that they will lose property which they own and/or enter into settlements procured under false pretenses absent this Court's grant of preliminary relief and because they have shown a strong likelihood of success on the merits and a balancing of the equities in their favor, FOUR K and the proposed class qualify for this Court's issuance of a classwide preliminary injunction enjoining Defendants and their successors from failing to comply with existing regulations regarding the noticing of intention to sell tax liens, and enjoining them from forcing property owners to enter into settlements based on false pretenses, as set forth herein.

## AS AND FOR A FIRST CLAIM FOR RELIEF

39.  Plaintiff repeats and realleges all of the  allegations set forth in all of the above paragraphs as though fully set forth herein.

By virtue of the foregoing, Defendants have violated and will violate 42 U.S.C. § 1983 in that they have violated and will violate New York City Administrative Code Sections 11-319(b)(2)(i) and 11-320.

### AS AND FOR A SECOND CLAIM FOR RELIEF

40. Plaintiff repeats and realleges all of the allegations set forth in all of the above paragraphs as though fully set forth herein.

41. By virtue of the foregoing Defendants have violated and will violate 42 U.S.C. § 1983 in that they violated and will violate the Due Process Clause of the 14th Amendment to the United States Constitution, and the Fourth, Fifth and Eighth Amendments to the United States Constitution.

### IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff FOUR K, and the other members of each Class, pray for:

(i)    The entry of an order pursuant to rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure allowing this action to be maintained as a class action on behalf of each proposed class.

(ii)   The entry of preliminary and permanent injunctions, pursuant to 28 U.S.C. § 2202, 42 U.S.C. § 1983, and rule 65 of the Federal Rules of Civil Procedure, enjoining Defendants and their successors from failing to comply with applicable regulations regarding the notice of intention to sell tax liens, and enjoining Defendants from procuring settlements under the false pretenses of the inadequate, illegal and unconstitutional notice of intention to sell tax lien; and

(iii)  The entry of a final judgment, pursuant to 28 U.S.C. § 2201 and rules 54 and 57 of the Federal Rules of Civil Procedure, declaring that Defendants' policy and practice:

(1) deprives Plaintiff and the other members of each Class of adequate notices of intention to sell tax lien thereby violating the due process and equal protection guarantees of U.S. Const. Amendments 4, 5, 8 and 14. and N.Y. Const. Art. I §§ 6 and 11, as well as New York City Administrative Code Sections 11-319(b)(2)(i) and 11-320; and

(2) deprives Plaintiff and the other members of each Class of their the due process and equal protection guarantees of U.S. Const. Amendments 4, 5, 8 and 14. and N.Y. Const. Art. I §§ 6 and 11, as well as New York City Administrative Code Sections 11-319(b)(2)(i) and 11-320, by procuring settlements of the purported tax lines under false pretenses;

(iv) Awarding reasonable attorney's fees, together with costs and disbursements, pursuant to 42 U.S.C. § 1988;

(v) Awarding costs and disbursements;

(vi) Granting such additional and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
June 13, 2012

KORSINSKY & KLEIN, LLP
By: _____
Michael Korsinsky
Joseph Garland
2926 Avenue L
Brooklyn, New York 11210
Phone: 212-495-8133
Fax: 212-419-3893
Email: *mk@kklawfirm.com*
Attorneys for Plaintiff and the Class

11

Exhibit "A"

DAILY NEWS

NYC

# NOTICE OF INTENDED SALE OF TAX LIENS ON REAL PROPERTY BY THE CITY OF NEW YORK

## BOROUGH OF MANHATTAN 01

**SPECIAL NOTICE FOR RECORD OWNERS AND/OR THE PROPERTY THAT IS THE SUBJECT OF A BANKRUPTCY CASE UNDER TITLE 11 OF THE UNITED STATES CODE: THE CHANCE TO SELL:**

| | | | | | |
|---|---|---|---|---|---|
| 71 | 1 AVENUE | 35 | 571 | ACADEMY STREET | 222 | 159 | 1 | CENTRAL PK WEST | 1307 |
| 351 | 1 AVENUE | 305 | 571 | ACADEMY STREET | 222 | 150 | 1 | COLUMBUS STREET | 89 |
| 630 | 1 AVENUE | 900 | 1352 | ACADEMY STREET | 222 | 15 | | COLUMBUS STREET | 39 |
| 803 | 1 AVENUE | 25 | 571 | ACADEMY STREET | 222 | 142 | 91 | CATHEDRAL PARKWAY | 199 |
| 953 | 1 AVENUE | 25 | 571 | ACADEMY STREET | 222 | 142 | 601 | CATHEDRAL PARKWAY | 805 |
| 991 | 1 AVENUE | 28 | 591 | ACADEMY STREET | 222 | 167 | 801 | CENTRAL PARK SOUTH | 1240 |
| 1345 | 1 AVENUE | 22 | 591 | ACADEMY STREET | 221 | 164 | 190 | CENTRAL PARK SOUTH | 806 |
| 951 | 1 AVENUE | 29 | 591 | ACADEMY STREET | 221 | 165 | 801 | CENTRAL PARK SOUTH | 678 |
| 1475 | 1 AVENUE | 30 | 2207 | ADAM C POWELL BLVD | 1915 | 64 | | CENTRAL PARK SOUTH | 2003 |
| 2240 | 1 AVENUE | 1 | 2313 | ADAM C POWELL BLVD | 1920 | 63 | | CENTRAL PARK SOUTH | 447 |
| 2243 | 1 AVENUE | 124 | 2286 | ADAM C POWELL BLVD | 1940 | 31 | 801 | CENTRAL PARK SOUTH | 4883 |
| 2283 | 1 AVENUE | 47 | 2556 | ADAM C POWELL BLVD | 2053 | 33 | | CENTRAL PARK WEST | 1316 |
| 2321 | 1 AVENUE | 35 | 33 | ALLEN STREET | 300 | 21 | | CENTRAL PARK WEST | 1331 |
| 1699 | 1 AVENUE | 26 | 101 | ALLEN STREET | 414 | 1021 | 113 | CENTRAL PARK WEST | 1335 |
| 1795 | 1 AVENUE | 30 | 101 | ALLEN STREET | 414 | 1022 | 113 | CENTRAL PARK WEST | 1336 |
| 463 | 2 AVENUE | 32 | 101 | ALLEN STREET | 414 | 22 | 113 | CENTRAL PARK WEST | 1360 |
| 971 | 2 AVENUE | 4 | 145 | ALLEN STREET | 415 | | 113 | CENTRAL PARK WEST | 1384 |
| 848 | 2 AVENUE | 1114 | 420 | AMSTERDAM AVENUE | 1228 | 29 | 1 | | |